Eric M. Haley, Trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ENTZMINGER, PETE JAMES | § | Case No. 2:13-bk-14406-GBN |
| ENTZMINGER, DAWN MARIE | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on          . The undersigned trustee was appointed on          .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____ . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ _____ as interim compensation and now requests a sum of $ _____ , for a total compensation of $ _____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ _____ , and now requests reimbursement for expenses of $ _____ , for total expenses of $ _____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Eric M. Haley_____
                                                   Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| | |  | | |
|---|---|---|---|---|
| Case No: | 13-14406 GBN Judge: GEORGE B. NIELSEN JR. | | Trustee Name: | Eric M. Haley |
| Case Name: | ENTZMINGER, PETE JAMES | | Date Filed (f) or Converted (c): | 08/20/13 (f) |
| | ENTZMINGER, DAWN MARIE | | 341(a) Meeting Date: | 09/23/13 |
| For Period Ending: | 01/15/15 | | Claims Bar Date: | 07/30/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. FINANCIAL ACCOUNTS | 121.00 | 0.00 | | 0.00 | FA |
| WELLS FARGO CHECKING ACCOUNT ENDING IN 1188 | | | | | |
| 2. SECURITY DEPOSITS | 200.00 | 200.00 | | 0.00 | FA |
| SECURITY DEPOSIT WITH UTILITIES: APS | | | | | |
| 3. HOUSEHOLD GOODS | 500.00 | 0.00 | | 0.00 | FA |
| DINING ROOM TABLE, BED, DRESSER, AND TELEVISION | | | | | |
| 4. WEARING APPAREL | 1,000.00 | 0.00 | | 0.00 | FA |
| USED CLOTHES | | | | | |
| 5. FURS AND JEWELRY | 1,500.00 | 0.00 | | 0.00 | FA |
| WEDDING RINGS | | | | | |
| 6. FIREARMS AND HOBBY EQUIPMENT | 300.00 | 0.00 | | 0.00 | FA |
| 1 FIREARM: SPRINGFIELD ARMORY 40 CALIBER | | | | | |
| 7. INSURANCE POLICIES | 0.00 | 0.00 | | 0.00 | FA |
| TERM LIFE INSURANCE THROUGH AMERICAN FAMILY INSURANCE BENEFICIARY: WIFE POLICY IN PLACE FOR THREE YEARS | | | | | |
| 8. INSURANCE POLICIES | 0.00 | 0.00 | | 0.00 | FA |
| TERM LIFE INSURANCE WITH AMERICAN FAMILY INSURANCE BENEFICIARY: HUSBAND POLICY IN PLACE FOR EIGHT YEARS. | | | | | |
| 9. VEHICLES | 17,298.00 | 0.00 | | 0.00 | FA |
| 2012 CHEVROLET EQUINOX LS (15,000 MILES) KELLEY BLUE BOOK, PRIVATE PARTY, GOOD CONDITION | | | | | |
| 10. ANIMALS | 0.00 | 0.00 | | 0.00 | FA |
| 2 DOGS-NO CASH VALUE | | | | | |
| 11. OTHER MISCELLANEOUS | 150.00 | 150.00 | | 0.00 | FA |

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Case No: 13-14406 GBN Judge: GEORGE B. NIELSEN JR.  
Case Name: ENTZMINGER, PETE JAMES  
ENTZMINGER, DAWN MARIE  

Trustee Name: Eric M. Haley  
Date Filed (f) or Converted (c): 08/20/13 (f)  
341(a) Meeting Date: 09/23/13  
Claims Bar Date: 07/30/14  

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| DVD PLAYER, PLAYSTATION 3, AND XBOX ALL ITEMS ARE SEVERAL YEARS OLD | | | | | |
| 12. 2013 FEDERAL INCOME TAX REFUND (u) | 2,975.00 | 1,890.91 | | 2,975.00 | FA |
| 13. 2013 STATE INCOME TAX REFUND (u) | 0.00 | 0.00 | | 0.00 | FA |

TOTALS (Excluding Unknown Values) $24,044.00 $2,240.91 $2,975.00 $0.00  
Gross Value of Remaining Assets  
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

TFR

Initial Projected Date of Final Report (TFR): 12/31/14   Current Projected Date of Final Report (TFR): 12/31/14

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 13-14406 -GBN | | Trustee Name: | Eric M. Haley |
| --- | --- | --- | --- | --- |
| Case Name: | ENTZMINGER, PETE JAMES | | Bank Name: | UNION BANK |
| | ENTZMINGER, DAWN MARIE | | Account Number / CD #: | *******1320 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8554 | | | |
| For Period Ending: | 01/15/15 | | Blanket Bond (per case limit): | $ 0.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | | |
| | | | | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 04/16/14 | 12 | UNITED STATES TREASURY | 2013 FED INCOME TAX REFUND | 1224-000 | 2,975.00 | | 2,975.00 |
| 05/27/14 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 15.00 | 2,960.00 |
| 06/25/14 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 15.00 | 2,945.00 |
| 07/25/14 | | UNION BANK | BANK SERVICE FEE | 2600-000 | | 15.00 | 2,930.00 |
| 12/17/14 | 300001 | PETE JAMES ENTZMINGER DAWN MARIE ENTZMINGER 6148 WEST FRIER DRIVE GLENDALE, AZ 85301-1223 | DEBTOR SHARE 2013 FED INCOME TAX REFUND | 8500-000 | | 1,084.09 | 1,845.91 |

|  |  |  |
| --- | --- | --- |
| COLUMN TOTALS | 2,975.00 | 1,129.09 | 1,845.91 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 2,975.00 | 1,129.09 | |
| Less: Payments to Debtors | | 1,084.09 | |
| Net | 2,975.00 | 45.00 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
| --- | --- | --- | --- |
| Checking Account (Non-Interest Earn - ********1320 | 2,975.00 | 45.00 | 1,845.91 |
| | ---------------------- | ---------------------- | ---------------------- |
| | 2,975.00 | 45.00 | 1,845.91 |
| | ============ | ============ | ============ |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 2,975.00 1,129.09

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 2:13-bk-14406-GBN
Case Name: ENTZMINGER, PETE JAMES
              ENTZMINGER, DAWN MARIE
Trustee Name: Eric M. Haley

       Balance on hand                                              $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Eric M. Haley | $ | $ | $ |
| Trustee Expenses: Eric M. Haley | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____
    Remaining Balance                                             $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
| --- | --- | --- | --- | --- |
| 000001 | CAVALRY SPV I, LLC | $ | $ | $ |
| 000002 | CAVALRY SPV I, LLC | $ | $ | $ |
| 000003 | ATLAS ACQUISITIONS LLC | $ | $ | $ |
| 000004 | ATLAS ACQUISITIONS LLC | $ | $ | $ |
| 000005 | CAPITAL ONE BANK (USA), N.A. | $ | $ | $ |
| 000006 | CAPITAL ONE BANK (USA), N.A. | $ | $ | $ |
| 000007 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ | $ | $ |
| 000008 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ | $ | $ |
| 000009 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ | $ | $ |
| 000010 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000011 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ | $ | $ |

    Total to be paid to timely general unsecured creditors     $_____

    Remaining Balance     $_____

    Tardily filed claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

    Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000012 | UNITED CONSUMER FINANCIAL SERV. | $ | $ | $ |

    Total to be paid to tardy general unsecured creditors     $_____

    Remaining Balance     $_____

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE